IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

---------------------------------------------------------- x
FREDERICK E. BOUCHAT,                    :
                              Plaintiff,    :
                - against -         :
NATIONAL FOOTBALL LEAGUE                 :
PROPERTIES, LLC ET AL.,                  :
                            Defendants.    :
                                      :
---------------------------------------------------------- x

Case 1:11-cv-02878-MJG

JURY TRIAL DEMANDED

**ANSWER OF**
**ELECTRONIC ARTS INC.**

Defendant Electronic Arts Inc. ("EA"), by its undersigned attorneys, answers the allegations in Plaintiff's Complaint as follows:

1. The allegations in paragraph 1 of the Complaint constitute legal conclusions as to which no response is required. To the extent the allegations in paragraph 1 are deemed allegations of fact, EA does not contest this Court's subject-matter jurisdiction.

2. The allegations in paragraph 2 of the Complaint constitute legal conclusions as to which no response is required. To the extent the allegations in paragraph 2 are deemed allegations of fact, EA admits that this is a civil action in which Plaintiff alleges copyright infringement, brought under 17 U.S.C. §§ 501, 502, 503, and 504; and denies that Plaintiff is entitled to remedies under 17 U.S.C. §§ 502, 503 and 504.

3. To the extent the allegations in paragraph 3 of the Complaint assert conclusions of law, EA is not required to plead thereto. To the extent the allegations in paragraph 3 are deemed allegations of fact, while EA does not contest that venue is proper or that the Court may exercise personal jurisdiction over it, EA denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations pertaining to Plaintiff's citizenship, residence, the location of events and omissions giving rise to Plaintiff's claim, and the location of the property that is the subject of this action.  Insomuch as "Defendants" refers to EA, EA admits *Madden NFL* video games are sold to consumers in Maryland and otherwise denies the allegations in paragraph 3.  Insomuch as "Defendants" refers to National Football League Properties LLC or National Football League Properties Inc. (the "NFL Defendants"), EA denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 3.

4. EA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4.

5. The allegations in paragraph 5 of the Complaint constitute legal conclusions as to which no response is required.  To the extent the allegations in paragraph 5 are deemed allegations of fact, insomuch as "Defendants" refers to EA, EA denies the allegations.  Insomuch as "Defendants" refers to the NFL Defendants, EA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5.

6. EA admits that the Baltimore Ravens football team used a logo depicting a winged shield bearing the letter B (the "Flying B Logo") between June 1996 and the end of the 1998 football season and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 6.

7. EA admits that in connection with an incidental and historical "throwback" option first introduced in certain versions of the *Madden NFL 10* video game, and thereafter in certain versions of *Madden NFL 11* and *Madden NFL 12*, players could select from many historical

uniforms and historical features for their virtual players from most NFL teams, including a Ravens helmet that reproduced the "Flying B Logo." To the degree that the allegations of paragraph 7 state or imply that such use has occurred since July 31, 2002, EA denies the same.

8. EA admits it is a party to license agreements between EA and the NFL Properties, Inc. (the "NFL Properties") which license the use of NFL logos in *Madden NFL* video games, and EA programmers and designers acted in good faith belief that the use of the Flying B Logo was appropriate as an incidental and historical "throwback" option in Madden NFL video games, but denies the allegation that NFL Properties received royalties attributed to any such use and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 8.

9. To the extent the allegations in paragraph 9 of the Complaint assert conclusions of law, EA is not required to plead thereto. To the extent the allegations in paragraph 9 are deemed allegations of fact, insomuch as "Defendants" refers to EA, EA denies the allegations in paragraph 9. Insomuch as "Defendants" refers to the NFL Defendants, EA denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9.

10. To the extent the allegations in paragraph 10 of the Complaint assert conclusions of law, EA is not required to plead thereto. To the extent the allegations in paragraph 10 are deemed allegations of fact, EA denies the allegations in paragraph 10.

11. To the extent the allegations in paragraph 11 of the Complaint assert conclusions of law, EA is not required to plead thereto. To the extent the allegations in paragraph 11 are deemed allegations of fact, EA denies the allegations in paragraph 11.

With respect to the WHEREFORE clause and subparagraphs (a) through (f), EA denies that Plaintiff is entitled to any relief, including a judgment against EA, actual damages, profits, statutory damages, an injunction, attorney's fees and costs, or any other relief.

## AFFIRMATIVE DEFENSES

To the extent that it is Plaintiff's burden to prove any of the issues raised in the affirmative defenses set forth below, EA hereby preserves, and does not waive, its legal position that Plaintiff maintains the burden of proof on those issues.  These affirmative defenses incorporate by reference the factual allegations in paragraphs 1-11 above.  EA reserves the right to amend its Answer to assert such additional defenses as may later become available or apparent to it.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

EA's use of the Flying B Logo in its *Madden NFL* video games constitutes fair use under 17 U.S.C. § 107 in part because EA's use of the Flying B Logo as an incidental and historical "throwback" option enables video game players to create their own historically accurate interactive and customizable game-playing experience, and there is and can be no damage to any existing or prospective market for Plaintiff's copyright interest in the Flying B Logo given that Plaintiff has not exploited any such market to date and could not do so without infringing the Baltimore Ravens' and National Football League's trademark rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

EA's use of the Flying B Logo was with an innocent intent and without any belief that its acts constituted an infringement of copyright because EA programmers and designers acted in good faith belief that the use of the Flying B Logo was appropriate as an incidental and historical "throwback" option in Madden NFL video games.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has suffered no actual damages as a result of the acts alleged to have been committed and any damages alleged are too speculative and imprecise.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to an award of profits because no portion of the profits derived from the sale of EA's *Madden NFL* video games is attributable to EA's use of the Flying B Logo.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's request for an injunction with respect to *Madden NFL '12* for Sony PlayStation 3 and XBox 360 is moot. With respect to other versions of the *Madden NFL* video games, Plaintiff is not entitled to an injunction under the factors set forth in *eBay v. MercExchange, LLC*, 547 U.S. 388 (2007).

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to statutory damages or attorney's fees because EA's infringement, if any, is part of a series of related infringements that trace back to the NFL Properties' and Baltimore Raven's initial infringement that commenced prior to the registration of Plaintiff's shield drawing.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages, including but not limited to statutory and/or punitive damages, are barred, in whole or in part, by EA's right to due process under the United States Constitution and/or the Constitution of the State of Maryland and other states to the extent that any award of statutory and/or punitive damages grossly exceeds any plausible estimate of actual harm suffered by Plaintiff and/or the benefit derived by EA.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata, including the doctrines of claim preclusion and/or issue preclusion, because Plaintiff's entitlement to damages and/or profits has already been adjudicated in previous litigation.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited to the extent that Plaintiff is not able to allege or prove facts sufficient to show that the alleged infringement was willful.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages, including for disgorgement of EA's alleged profits, attributable to sales or other activities outside the United States are barred by reason of the Copyright Act's territorial limitations and by the lack of subject matter jurisdiction over such extraterritorial claims in proceedings under the U.S. Copyright Act.

WHEREFORE, EA demands judgment dismissing the Complaint, together with the costs and disbursements of the action, including reasonable attorney's fees, and such other and further relief the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

EA hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: New York, New York
December 12, 2011

                    Respectfully submitted,

                    ROSENBERG | MARTIN | GREENBERG, LLP

                    /s/
                    Gerard P. Martin (00691)
                    gmartin@rosenbergmartin.com
                    Paul M. Flannery (28574)
                    pflannery@rosenbergmartin.com
                    25 South Charles Street, Suite 2115
                    Baltimore, Maryland 21201
                    Tel: (410) 727-6600
                    Fax: (410) 727-1115

                    DAVIS WRIGHT TREMAINE LLP
                    Elizabeth A. McNamara (admitted *pro hac vice*)
                    lizmcnamara@dwt.com
                    Samuel M. Bayard (admitted *pro hac vice*)
                    samuelbayard@dwt.com
                    1633 Broadway, 27th Floor
                    New York, NY 10019
                    Tel: (212) 489-8230
                    Fax: (212) 489-8340

                    *Attorneys for Electronic Arts Inc.*

TO:    SCHULMAN & KAUFMAN, LLC
        Howard J. Schulman
        One Charles Street Center, Suite 600
        100 N. Charles Street
        Baltimore, MD 21201
        (401) 576-0400

        *Attorneys for Plaintiff*

*4832-5534-7982, v. 1*