IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| FREDRICK E. BOUCHAT,<br><br>                         Plaintiff,<br><br>    -against-<br><br>NATIONAL FOOTBALL LEAGUE<br>PROPERTIES LLC, et al.,<br><br>                     Defendants. | Case No. 1:11-cv-02878-MJG<br><br>**ANSWER OF DEFENDANTS<br>NFL PROPERTIES LLC AND<br>NATIONAL FOOTBALL<br>LEAGUE PROPERTIES, INC.**<br><br>JURY TRIAL DEMANDED |

Defendants NFL Properties LLC[1] and National Football League Properties, Inc. (collectively, "NFLP"), by and through their undersigned counsel, for their Answer to the Complaint filed against them by Plaintiff Frederick E. Bouchat ("Plaintiff") on October 7, 2011, state as follows:

1.      Paragraph 1 of the Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, NFLP does not contest the Court's subject matter jurisdiction.

2.      Paragraph 2 of the Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, NFLP avers that this is a civil action

---

[1]   The Complaint incorrectly names "National Football League Properties, LLC" as a defendant—no such entity exists.  This Answer assumes that NFL Properties LLC is the intended named defendant.

in which Plaintiff alleges copyright infringement, brought under 17 U.S.C. §§ 501, 502, 503, and

504; and denies that Plaintiff is entitled to remedies under 17 U.S.C. §§ 502, 503 and 504.

3.      Paragraph 3 of the Complaint purports to set forth conclusions of law to which no

response is required, but to the extent a response is required, NFLP admits that venue is proper in

this Court and admits that Plaintiff invokes the Maryland Long Arm Statute.  NFLP lacks

sufficient knowledge or information to form a belief as to the allegations contained in the third

and fourth sentences of Paragraph 3 of the Complaint and on that basis deny those allegations.

NFLP avers that NFLP has sold, distributed and displayed copies and adaptations of a team logo

used by the Baltimore Ravens, a National Football League professional football club, in its

1996–1998 seasons (the "Flying B Logo") to consumers in Maryland.  NFLP further avers that it

knew that its products embodying, adapting and displaying the Flying B Logo would be

marketed, sold, and displayed in Maryland and that it knew and expected that a portion of its

revenue and profits would be derived in Maryland from such products.  Insomuch as

"Defendants" refers to NFLP, NFLP denies the remaining allegations contained in Paragraph 3

of the Complaint.  Insomuch as "Defendants" refers to Defendant Electronic Arts, Inc. ("EA"),

NFLP lacks sufficient knowledge or information as to form a belief as to the remaining

allegations contained in Paragraph 3 of the Complaint and on that basis denies those allegations.

4.      Paragraph 4 of the Complaint purports to set forth conclusions of law to which no

response is required, but to the extent a response is required, NFLP avers that Plaintiff alleges he

created an original drawing, fixed on paper, depicting a raven with wings extended upward

clutching a shield with a stylized "B" and a botany cross (the "Shield Drawing") on or about

December 5, 1995; NFLP avers that the Shield Drawing is the subject of this copyright action;

and NFLP otherwise lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in the first sentence of Paragraph 4 of the Complaint and on that basis denies those allegations.  NFLP avers that Plaintiff alleges that, on or about July 25, 1996, he applied to the Register of Copyrights for a Certificate of Registration for the Shield Drawing entitled "The Ravens"; NFLP admits that the Register of Copyrights issued a Certificate of Registration, bearing the registration No. VAu 372-606, effective July 25, 1996; and NFLP otherwise lacks sufficient knowledge or information to form a belief as to the remaining allegations contained in the second sentence of Paragraph 4 of the Complaint and on that basis denies those allegations.  NFLP avers that, in a preceding related case, the Shield Drawing was held by the Fourth Circuit to be an original work entitled to copyright protection, *see Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 356 (4th Cir. 2001); and otherwise denies the allegations contained in the third sentence of Paragraph 4 of the Complaint.  NFLP lacks sufficient knowledge or information as to form a belief as to the allegations contained in the fourth sentence of Paragraph 4 of the Complaint and on that basis denies those allegations.

5.     Paragraph 5 of the Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, NFLP lacks sufficient knowledge or information as to form a belief as to the allegations contained in the first sentence of Paragraph 5 of the Complaint and on that basis denies those allegations.  Insomuch as "Defendants" refers to NFLP, NFLP denies the allegations contained in the second sentence of Paragraph 5 of the Complaint.  Insomuch as "Defendants" refers to EA, NFLP lacks sufficient knowledge or information as to form a belief as to the allegations contained in second sentence of Paragraph 5 of the Complaint and on that basis denies those allegations.

6.      Paragraph 6 of the Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, NFLP admits that Baltimore Ravens, Inc. is a predecessor to the Baltimore Ravens Limited Partnership; avers that National Football League Properties, Inc. and Baltimore Ravens, Inc. used the Flying B Logo as the primary logo of the Baltimore Ravens professional football team in its 1996–1998 seasons; admits that National Football League Properties, Inc. and Baltimore Ravens, Inc. ceased using the Flying B Logo as the primary logo of the Baltimore Ravens professional football team some time in 1999; and avers that, in a preceding related case, the Flying B Logo was determined to be substantially similar to the Shield Drawing.  NFLP denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, NFLP avers that it has been made aware that, in connection with an incidental and historical "throwback" option introduced in certain recent *Madden NFL* video games, players could select from many historical uniforms and historical features of most NFL teams for their virtual players, including one option of selecting a Ravens helmet bearing the Flying B Logo.  NFLP lacks sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 7 of the Complaint and on that basis denies the allegations.

8.      Paragraph 8 of the Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, NFLP denies the allegations contained in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, insomuch as "Defendants" refers to NFLP, NFLP denies the allegations contained in Paragraph 9 of the Complaint.  Insomuch as "Defendants" refers to EA, NFLP lacks sufficient knowledge or information as to form a belief as to the allegations contained in Paragraph 9 of the Complaint and on that basis denies those allegations.

10.      Paragraph 10 of the Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, NFLP denies the allegations contained in paragraph 10 of the Complaint.

11.      Paragraph 11 of the Complaint purports to set forth conclusions of law to which no response is required, but to the extent a response is required, NFLP denies the allegations contained in paragraph 11 of the Complaint.

NFLP avers that Plaintiff's WHEREFORE clause and subparagraphs (a) through (f) do not contain allegations that require a response, but to the extent a response is required, NFLP denies such allegations.

## AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, NFLP does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.  NFLP reserves the right to assert additional Affirmative Defenses.

### First Affirmative Defense:
### Fair Use

Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright fair use, 17 U.S.C. § 107.

**Second Affirmative Defense:**
**Consent, Acquiescence, and License**

Plaintiff's claims are barred, in whole or in part, by consent, acquiescence, and actual and/or implied license.

**Third Affirmative Defense:**
**Res Judicata**

Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata, including the doctrines of claim preclusion and/or issue preclusion.

**Fourth Affirmative Defense:**
**Statute of Limitations**

Plaintiff's claims are barred, in whole or in part, by relevant statutes of limitations.

**Fifth Affirmative Defense:**
**Unclean Hands**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Sixth Affirmative Defense:**
**Laches**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**Seventh Affirmative Defense:**
**Innocent Intent**

Plaintiff's claims are barred, in whole or in part, by NFLP's innocent intent.

**Eighth Affirmative Defense:**
**Failure to State a Claim**

Plaintiff fails to state any claims for which relief may be granted.

**Ninth Affirmative Defense:**
**Failure to Mitigate**

Plaintiff's claims are barred, in whole or in part, by the failure to mitigate damages, if any.

**Tenth Affirmative Defense:**
**Free Speech**

Plaintiff's claims are barred, in whole or in part, by free speech rights guaranteed by the First Amendment to the United States Constitution and by the Constitution of the State of Maryland and other states.

**Eleventh Affirmative Defense:**
**Damages: Due Process**

Plaintiff's claims for damages, including but not limited to statutory and/or punitive damages, are barred, in whole or in part, by NFLP's right to due process under the United States Constitution and/or the Constitution of the State of Maryland and other states.

**Twelfth Affirmative Defense:**
**Damages: Copyright Act**

Plaintiff's claims for statutory damages and attorney's fees are barred, in whole or in part, by the Copyright Act, 17 U.S.C. § 412.

**Thirteenth Affirmative Defense:**
**Damages: Extraterritoriality**

Plaintiff's claims for damages, including for disgorgement of NFLP's alleged profits, attributable to sales or other activities outside the United States are barred by reason of the Copyright Act's territorial limitations and by the lack of subject matter jurisdiction over such extraterritorial claims in proceedings under the U.S. Copyright Act.

7

**Fourteenth Affirmative Defense:**
**Lack of Injury or Damage**

Plaintiff is barred from obtaining any relief from Defendants in this action because Plaintiff has suffered no injury or damage as a result of any act or conduct by NFLP, and none of NFLP's revenues or profits, nor any alleged damages suffered by Plaintiff, are attributable to NFLP's allegedly infringing conduct.

**Fifteenth Affirmative Defense:**
**Damages: No Willfulness**

Plaintiff's damages, if any, are limited to the extent that Plaintiff is not able to allege or prove facts sufficient to show that the alleged infringement was willful.


**RELIEF REQUESTED**

WHEREFORE, Defendants respectfully request the following relief:

1.      A judgment in favor of NFLP denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's Complaint with prejudice;

2.      That NFLP be awarded its costs of suit, including reasonable attorney's fees; and

3.      That the Court award NFLP such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury on all issues so triable in accordance with

Federal Rule of Civil Procedure 38(b).


Dated: December 12, 2011
      New York, New York

                      Respectfully submitted,

                      _/s/ Mark D. Gately_____
                      Mark D. Gately (#00134)
                      mark.gately@hoganlovells.com
                      HOGAN LOVELLS US LLP
                      100 International Drive, Suite 2000
                      Baltimore, Maryland 21202
                      (410) 659-2742 (Phone)
                      (410) 659-2701 (Facsimile)

                       - and -

                      Robert L. Raskopf (*pro hac vice* pending)
                      robertraskopf@quinnemanuel.com
                      Todd Anten (*pro hac vice* pending)
                      toddanten@quinnemanuel.com
                      QUINN EMANUEL URQUHART & SULLIVAN, LLP
                      51 Madison Avenue, 22nd Floor
                      New York, New York 10010
                      (212) 849-7000 (Phone)
                      (212) 849-7100 (Facsimile)

                      *Attorneys for Defendants NFL Properties LLC*
                        *and National Football League Properties, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of December, 2011, a copy of the foregoing Answer of Defendants NFL Properties LLC and National Football League Properties Inc. was filed via the Court's Electronic Case Filing System, and that all counsel of record are registered to receive service through such means.

/s/ Mark D. Gately