IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| FREDRICK E. BOUCHAT,<br><br>               Plaintiff,<br><br>   -against-<br><br>NFL PROPERTIES, LLC, et al.,<br><br>               Defendants. | Civil Action No. MJG-11-2878<br>**REDACTED VERSION** |

### DECLARATION OF GARY GERTZOG

I, Gary Gertzog, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am Senior Vice President Business Affairs and General Counsel of Defendant NFL Properties LLC (together with a predecessor-in-interest, National Football League Properties, "NFLP"). Since I joined NFLP in 1994, my responsibilities have included business affairs and legal matters in a variety of commercial areas for the NFL including the development, licensing and protection of NFL and Member Club identified licensed products.

2. This declaration is filed in support of Defendant NFLP's motion for summary judgment. All facts set forth in this declaration are based upon my personal knowledge. If I were called upon to testify, I would testify competently to the facts set forth herein.

3. On or about December 4, 1998, NFLP sent form letters to its licensees informing them that, "effective immediately," no designs using the Flying B Logo would be approved and all production of previously approved products bearing the Flying B Logo must be suspended ("1998 Form Letter"). A true and correct copy of a 1998 Form Letter sent to an NFLP licensee is attached hereto as **Exhibit A**.

1

4. On or about March 16, 1999, NFLP sent follow-up form letters to its licensees reiterating that all production of previously approved products bearing the Flying B Logo was to have been suspended pursuant to the 1998 Form Letter, and stating that a new Ravens logo was in development and no product with the Flying B Logo was to be sold after March 31, 1999 ("1999 Form Letter"). A true and correct copy of a 1999 Form Letter sent to an NFLP licensee is attached hereto as **Exhibit B**.

5. NFLP sent nearly identical form letters to its promotion partners. A true and correct copy of the form letter sent to a promotional partner of NFLP are attached hereto as **Exhibit C**.

6. Although NFLP is not currently able to locate copies of the 1998 and 1999 Form Letters addressed to each licensee, NFLP has a good faith belief that it sent the 1998 and 1999 Form Letters to each of its licensees, including Electronic Arts, Inc. ("EA").

7. EA's use of NFL trademarks in EA video games is done pursuant to a 2004 license agreement and amendments thereto (as amended, "2004 License"). ███████████████████████████████████████████████████████████████ NFLP never granted approval to EA to use the Ravens' former team mark—the Flying B Logo—in the EA games at issue. A true and correct copy of the 2004 License is attached hereto as **Exhibit D**.

8. NFLP provides a comprehensive catalog of team logos or "primary marks" available for use by its licensees online at its NFL.biz website. This website is password protected, and each licensee is issued a log-in and password, and then directed to the website to obtain the official primary marks for all 32 NFL teams. For each team the website shows that team's current available primary marks and includes design and uniform notes so that licensees

can correctly depict the team's marks. In addition, the NFL.biz website has a "historic marks" section, within which each team has a page showing the historic or "vintage" marks available for that team. Neither the Ravens' primary or historic marks pages on the NFL.biz website currently include the Flying B Logo, and the Flying B Logo has never been available on this website. True and correct copies of screenshots of the Ravens' team and historic marks pages of the NFL.biz website are attached hereto as **Exhibit E**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 10, 2013

_____
GARY GERTZOG