IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDERICK E. BOUCHAT, | * | |
| Plaintiff | * | |
| v. | * | Case No. 11-CV-02878-MJG |
| NFL PROPERTIES, LLC, *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN OPPOSITION TO DEFENDANTS NFL PROPERTIES, LLC AND NATIONAL FOOTBALL LEAGUE PROPERTIES, INC.'S MOTION FOR SUMMARY JUDGMENT

Now comes Plaintiff Frederick E. Bouchat, by his attorneys, Howard J. Schulman, Marie J. Ignozzi and Schulman & Kaufman, LLC, and states:

Defendants' motion should be denied because (1) Defendants have not addressed whether they were contributory infringers and/or vicariously responsible for the direct infringement of Defendant Electronic Arts, Inc. (EA Sports); (2) Plaintiff has had no opportunity for discovery; and (3) Defendants' motion is not properly supported.

The notion of contributory infringement and vicarious responsibility for copyright infringement is well established, and liability may be imposed without actual knowledge of the contributory/vicarious infringer. *Sony Corporation v. Universal City Studios*, 464 U.S. 417, 434-39 & n.18 (1984). Even if there is no license for the use of Bouchat's design, there is a factual issue of whether the NFL is responsible for EA Sports' infringement. The Madden Games in question, i.e., those for the years 2010, 2011 and

2012, bear the NFL mark and hologram, and indicate that the NFL licensed the infringing work.  *See* affidavit of counsel, ¶ 3.

The agreement(s), which Defendants have put into the record under seal, reflect that the NFL and Defendant EA Sports were, in effect, business partners.  The agreement(s) further reflect that the NFL licensed the use of its logos on a percentage-royalty basis with a minimum guarantee, from which the NFL received substantial amounts of royalties from EA Sports for the infringing Madden products.

Defendants have placed no evidence in the record concerning the participation of NFL Properties or its agents in its business enterprise.  The NFL has not presented any evidence concerning it participation with, and oversight of, the Madden games.  Plaintiff knows from *Bouchat I* that NFL Properties required its licensees to submit a licensed product for review, and required its permission in advance before a team or NFL logo could be used on a particular product.  *See* affidavit of counsel, ¶ 2.  Clearly, there is an open issue about whether NFL Properties had constructive knowledge of the infringing logos used by EA Sports and/or was in a position to control the use of those works utilized by EA Sports in the Madden video game.   *See Sony*, 464 U.S. at 438 & n.18.

There has been no discovery permitted in this case except that related to fair use, and there has been no discovery opportunity for Plaintiff to explore the NFL's factual assertions.  Without a doubt, Plaintiff is entitled to reasonable discovery before the entry of summary judgment.  *See, e.g., Gay v. Wall*, 761 F2d 175, 177 (4th Cir. 1985).

Facts asserted in the affidavit of Gary Gertzog are insufficient to establish that NFL notified EA Sports that EA Sports was to not utilize Bouchat's design.  There is

nothing in Gertzog's affidavit to indicate that he has personal knowledge of the matter and method, i.e., practice and procedures, which would constitute evidence that NFL Properties, Inc. actually sent the letters to EA Sports.  His affidavit is conclusory.

A Rule 56(c)(4) affidavit, however, must present evidence in substantially the same form as if the affiant were testifying in court.  *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 962 (4th Cir. 1996).  Rule 56(c)(4) specifically requires that affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge.  *Id.*  Summary-judgment affidavits cannot be conclusory, *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 975 (4th Cir. 1990), or based upon hearsay, *Maryland Highway Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1252 (4th Cir. 1991), *cert. denied*, 502 U.S. 939 (1991).

There is no evidence presented that EA Sports actually received the letters attached to the Gertzog affidavit, even if Defendants had presented evidence that the notice letters were sent to EA Sports.  There has been no discovery opportunity for Plaintiff to explore Defendants' factual assertions.  Without a doubt, Plaintiff is entitled to reasonable discovery before the entry of summary judgment.  *Gay v. Wall*, 761 F2d at 177.

Defendants assert that Plaintiff has no standing to challenge the stipulation between them and EA Sports.  While Defendants agree between themselves that there was no license, Plaintiff was not a party to the stipulation and is not bound by it. Defendants' argument that Plaintiff does not have standing to challenge the unsworn stipulation is, in effect, an admission that the stipulation is to be given no weight for

purposes of the NFL's motion.

_____/s/_____
Howard J. Schulman (Bar No. 00129)


_____/s/_____
Marie J. Ignozzi (Bar No. 29762)
Schulman & Kaufman, LLC
100 N. Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiff